15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff-Appellee,
v.
HANDY INDUSTRIES, INC., Barry Handy, Defendant-Appellant,
and
Huber Farms, Inc., Robert P. Huber; Guy F. Huber; Leland
Hintz; Jerry Schillinger; Kenneth Schillinger;
Anken, Inc.; K. & A. Farms, Inc., Defendants.
 No. 92-35364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Jan. 19, 1994.
 
 Before TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barry Handy and Handy Industries, Inc. (collectively "Handy") appeal, pursuant to 28 U.S.C. Sec. 636(c)(3), the magistrate judge's denial of their request for a continuance. Handy requested a continuance so that he could depose his local insurance agent who had remarked the previous month that Handy would win the case and that the United States Guaranty & Fidelity Company ("USF & G") would be required to defend Handy and cover any losses. Handy thought that those remarks were relevant to the issue of coverage, but he did not further explain his position. The magistrate judge held that a continuance would have served no useful purpose.
 
 
 3
 Handy argues that the magistrate judge erred in concluding that a continuance would have served no useful purpose, and that the other factors relevant to granting a continuance--diligence, likelihood that the need for a continuance could have been met had a continuance been granted, inconvenience suffered by the opposing parties, and prejudice to him--weigh in his favor. We affirm.
 
 I.
 
 4
 The decision to grant or deny a requested continuance lies within the broad discretion of the court, and will not be disturbed on appeal absent a clear abuse of discretion. United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.), amended by, 764 F.2d 675 (1985). A clear abuse of discretion exists if after carefully reviewing all of the relevant factors, a reviewing court can conclude that the denial was arbitrary or unreasonable. Id.
 
 
 5
 When reviewing the denial of a requested continuance, four factors are considered: (1) the appellant's diligent efforts to ready the defense prior to the date set for hearing; (2) the likelihood that the need for a continuance could have been met had a continuance been granted; (3) the inconvenience to the court and the opposing parties, including witnesses; and (4) the extent to which the appellant might have suffered harm as a result of the court's denial. Id. at 1359.
 
 
 6
 Handy offers no explanation for his delay in raising the defense of estoppel. His defense of estoppel was not dependent upon his local insurance agent's remarks made in November of 1991. Given the nature of this case, Handy's counsel could have and should have inquired into this defense long before the summary judgment hearing.
 
 
 7
 In addition, Handy did not explain how his local insurance agent's remarks might have bound USF & G. Not implausibly, the court reasoned that Handy's position was that the local insurance agent's remarks in November of 1991 could estop USF & G from denying coverage on an insurance contract executed in 1986. The court concluded that because detrimental reliance, an essential element of estoppel, could not be established by remarks made several years after the execution of the insurance contract, a continuance would have served no useful purpose. Considering the evidence before the court when a continuance was requested, we agree that no useful purpose was apparent for such a continuance.
 
 
 8
 Finally, putting USF & G through the time and expense of continued litigation on a new theory just before trial, with the certainty of additional discovery, would be unfair and prejudicial. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir.1990) (holding that the burden of future discovery causes prejudice in context of denying a motion to amend under Fed.R.Civ.P. 15(a)).
 
 
 9
 Under the factors discussed above, the court was well within its discretion in denying Handy's motion for a continuance.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3